# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

**NCMIC INSURANCE COMPANY,**

    Plaintiff,

vs.                                                           Case No. 17 CV 1000 JAP/CG

**MICHAEL E. BROWN, BONES, INC.,
CHARLES DAILY, and ROSE ELEAN
ALVAREZ MARTINEZ,**

    Defendants.

## MEMORANDUM OPINION AND ORDER

This case concerns a dispute over insurance coverage. Plaintiff NCMIC Insurance Company (Plaintiff or NCMIC) asks the Court to declare that the per claim limit of an insurance policy issued by Plaintiff to Defendants Michael Brown (Mr. Brown) and Bones, Inc. (Bones) applies to the claims asserted against Mr. Brown and Bones by Defendants Charles Daily (Mr. Daily) and Rose Elean Alvarez Martinez (Ms. Martinez).[1] Mr. Daily moves to dismiss the Complaint for untimely service or, alternatively, asks the Court to dismiss or stay this action under the *Colorado River* doctrine.[2] Mr. Brown and Bones echo Mr. Daily's arguments and move to join his Motion, which is fully briefed.[3] The Court will deny the Motion in the interest of judicial economy because no parallel state proceeding is pending.

---

[1] *See* COMPLAINT FOR DECLARATORY JUDGMENT (Doc. No. 1) (Complaint).
[2] *See* DEFENDANT DAILY'S MOTION TO DISMISS (Doc. No. 11); MEMORANDUM IN SUPPORT OF DEFENDANT DAILY'S MOTION TO DISMISS (Doc. No. 12) (Motion).
[3] *See* PRACTITIONER DEFENDANTS' MOTION TO JOIN DEFENDANT DAILY'S MOTION TO DISMISS (Doc. No. 13) (Motion to Join); PLAINTIFF'S RESPONSE TO DEFENDANT CHARLES DAILY'S MOTION TO DISMISS (Doc. No. 16); DEFENDANT DAILY'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS (Doc. No. 17).

## I. BACKGROUND

Mr. Brown is a chiropractor who resides in New Mexico, where his practice is incorporated under the name Bones, Inc. In October of 2015 Plaintiff, an Iowa insurance company, issued Professional Liability-Chiropractic Malpractice Policy number MP00086887 to Mr. Brown and Bones (the Policy). The Policy was effective from October 3, 2015, to October 3, 2016.

Mr. Daily, a former patient of Mr. Brown and Bones, alleges that he was injured as a result of his treatment by Mr. Brown, which took place from October 2015 through at least March of 2016. Based on these alleged injuries, Mr. Daily and his wife, Ms. Martinez, filed a lawsuit on March 10, 2017 in New Mexico state court against Mr. Brown and Bones. *See Daily v. Brown et al.*, No. D-307-CV-2017-00672 (Third Judicial District Court, Dona Ana County) (state court lawsuit). Mr. Daily and Ms. Martinez are both residents of New Mexico.

After filing the state court lawsuit, Mr. Daily and Ms. Martinez learned of the existence of the Policy. On September 21, 2017, they moved to amend their state court complaint to add NCMIC as a defendant and to request a declaratory judgment as to the coverage available under the Policy should Mr. Daily and Ms. Martinez prevail on their claims. Mr. Daily and Ms. Martinez argue that the New Mexico Medical Malpractice Act requires policy limits of $600,000 plus past and future medical expenses, while NCMIC maintains that the Policy limits are $200,000 per occurrence. Mr. Daily and Ms. Martinez attached their proposed amended complaint as an exhibit to their motion. Mr. Brown and Bones did not oppose the motion, but they did not consent to the amendment of the state court complaint until October 6, 2017.

On October 4, 2017, while the motion to amend was still pending in the Third Judicial District Court, Plaintiff filed this federal declaratory judgment action. The state court then

granted the unopposed motion to amend on October 10, 2017, and Mr. Daily and Ms. Martinez filed their amended state court complaint on October 12, 2017. Summons issued in this federal case on the same day. NCMIC was served with the state court amended complaint on October 30, 2017. On November 21, 2017, it filed a motion in the Third Judicial District Court to dismiss the state declaratory judgment action. However, NCMIC did not serve Defendants with the Complaint in this case until January 26, 2018.[4] Defendants ask the Court to dismiss this federal action based on the delay in service or to abstain from deciding this federal court case while the state court proceeding is ongoing. However, on March 21, 2018, the state court granted NCMIC's motion to dismiss Defendants' state court declaratory judgment claim.[5] Consequently, Plaintiff is no longer a party to Defendants' state court case, and there is no longer a pending claim that parallels this federal proceeding.

## II.  LEGAL STANDARD

The Court has jurisdiction over this matter under 28 U.S.C. § 1332(a) due to diversity of citizenship between the parties and an amount in controversy greater than $75,000. In resolving the Motion, the Court will take the well-pleaded allegations of the Complaint as true, and it will not consider materials outside of the pleadings other than those referenced in the Complaint and central to Plaintiff's claim, those necessary to resolve jurisdictional facts, and court documents of which the Court may take judicial notice. *See Pace v. Swerdlow*, 519 F.3d 1067, 1072–73 (10th Cir. 2008) (in resolving a motion to dismiss, district courts may properly consider documents referred to in the complaint and central to the plaintiff's claim, and may take judicial notice of adjudicative facts); *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995) (when

---

[4] The Motion asserts that Mr. Daily was served on January 26, 2018, but that Ms. Martinez had never been served. In their Motion to Join, Mr. Brown and Bones also assert that they were never served. However, after the conclusion of briefing on the Motion, Plaintiff filed affidavits reflecting that all Defendants were served on January 26, 2018. *See* Doc. Nos. 19–22.
[5] See ORDER ON DEFENDANT NCMIC'S MOTION TO DISMISS, No. CV-2017-0672 (filed March 21, 2018).

jurisdictional facts are challenged, the district court may consider materials outside the pleadings without converting the motion to one for summary judgment); *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir.1979) ("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."). Mr. Daily has attached numerous exhibits to his Motion. Some of these are court documents of which the Court may take judicial notice. The Court will not consider others, such as copies of emails and medical records, in deciding the Motion.

### III. DISCUSSION

Defendants first assert that Plaintiff's Complaint should be dismissed because of insufficient service of process.[6] Since Plaintiff belatedly filed proof that all Defendants were served on January 26, 2018, the Court will consider only the claim of delay rather than failure of service. Rule 4 of the Federal Rules of Civil Procedure provides a time limit for service.

> If a defendant is not served within 90 days after the complaint is filed, the court--
> on motion or on its own after notice to the plaintiff--must dismiss the action
> without prejudice against that defendant or order that service be made within a
> specified time. But if the plaintiff shows good cause for the failure, the court must
> extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Defendants were served 114 days after the Complaint was filed, and service was therefore untimely. The Court is not required to grant an extension because Plaintiff has not made any attempt to demonstrate good cause for its failure to effectuate service within the 90 days allowed.

---

[6] The Motion was filed by Mr. Daily alone, but he asks for dismissal on behalf of Ms. Martinez as well, and Mr. Brown and Bones have moved to join the Motion. Plaintiff directs its Response to both Mr. Daily and Ms. Martinez, and it has not objected to the Motion to Join. The Court will therefore address the Motion as if filed on behalf of all Defendants.

Instead, Plaintiff asks the Court to exercise its discretion to grant a permissive extension. "If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted. At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service. *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995); *accord Sanders v. Sw. Bell Tel., L.P.*, 544 F.3d 1101, 1111 (10th Cir. 2008). Plaintiff argues that the delay of 24 days beyond the 90-day period provided by Rule 4 is a "relatively short time period" that does not warrant dismissal. Plaintiff contends that Defendants have not demonstrated any prejudice from the untimely service, and that under these circumstances policy considerations favor deciding the case on its merits rather than dismissing the case on a technicality. Plaintiff asserts that dismissal would not be in the interests of judicial economy because Plaintiff would simply refile its Complaint.

Factors that the Court should consider in determining whether to grant a permissive extension of time for service include (1) whether the applicable statute of limitations would bar the action if it had to be refiled, (2) whether the plaintiff has tried, but failed, to effect service upon the United States, especially if proceeding *pro se*, and (3) whether the failure of a *pro se* plaintiff to effect timely service was a consequence of confusion or delay attending the resolution of an *in forma pauperis* petition. *Espinoza*, 52 F.3d at 842. "More time may be needed . . . when a request to waive service fails, a defendant is difficult to serve, or a marshal is to make service in an in forma pauperis action." Fed. R. Civ. P. 4(m) Advisory Committee's note (2015). Additional factors include whether the defendant had notice of the lawsuit or would be prejudiced by an extension. *Wilson v. Montano*, Civ. No. 11-658 KG/SCY, Civ. No. 11-951 KG/SCY, Civ. No. 11-1021 KG/SCY (D.N.M. February 28, 2017) (quoting *Mehus v. Emporia State Univ.*, 295 F. Supp. 2d 1258, 1273 (D. Kan. 2004)). "Relief may [also] be justified . . . if

the defendant is evading service or conceals a defect in attempted service." Fed. R. Civ. P. 4(m) Advisory Committee's note (1993).

The majority of these factors are inapplicable here. Plaintiff is not *pro se*, is not proceeding *in forma pauperis*, and was not required to serve the United States. Plaintiff has not alleged that it requested Defendants to waive service, that Defendants were evasive or difficult to serve, or that Defendants concealed a defect in attempted service. Defendants Brown and Bones did have actual notice of the Complaint before the date of service, as demonstrated by the January 8, 2018 entry of counsel's appearance on their behalf. *See* NOTICE OF APPEARANCE (Doc. No. 9). However, the 90 days allowed for service expired before January 8, and there is no evidence that any of the Defendants had actual notice of the Complaint before that date. No attorney appeared on behalf of Mr. Daily until February 15, 2018, when his Motion was filed. Ms. Martinez still does not have counsel listed, although she is represented in the state court suit by the same attorney who represents Mr. Daily in both the federal and state proceedings. No statute of limitations will bar a refiled action if the Court grants the dismissal.

"Rule 4 provides ample time to effect service." *Cox v. Sandia Corp.*, 941 F.2d 1124, 1126 (10th Cir. 1991). Plaintiff has not alleged that it attempted timely service, and it has given no reason at all for its delay. It is the responsibility of counsel to comply with the Rule. *See id.* at 1125–26. Under these circumstances, the Court finds that a permissive extension is appropriate only if it is in the interest of judicial economy and it will not prejudice Defendants. Plaintiff argues that the inefficiency of forcing Plaintiff to refile the Complaint weighs against dismissal, and it asserts that Defendants cannot demonstrate any prejudice from the late service.

While Defendants do not allege prejudice from the delay itself, they contend that an extension would be prejudicial and a waste of judicial resources because Defendants, in their role

as plaintiffs in the state court action, have already raised the declaratory judgment claim that Plaintiff asserts in this case. As an alternative to dismissal for untimely service, Defendants argue that the Court should apply principles of abstention and dismiss or stay Plaintiff's federal claim in favor of Defendants' state court proceeding. And they argue that their state court claim will more clearly merit abstention if Plaintiff is forced to refile its federal claim after Defendants' state action is clearly pending. However, the Court finds that abstention is not appropriate because, after the March 21, 2018 Order of Dismissal entered by the Third Judicial District Court, there is no longer a pending parallel state court proceeding. Accordingly, Defendants will not be prejudiced by an extension of Plaintiff's time for service. In the interest of judicial economy and because Defendants have in fact been served with the Complaint, the Court will grant a permissive extension of time under Rule 4(m) so that this service was proper.

IT IS THEREFORE ORDERED that DEFENDANT DAILY'S MOTION TO DISMISS (Doc. No. 11) is DENIED.

_____
SENIOR UNITED STATES DISTRICT JUDGE